UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11247-GAO

GARY W. CRUICKSHANK,
as Trustee of the Chapter 7 Estate of the Environmental Careers Organization, Inc.,
Plaintiff,

v.

JOHN R. COOK, JR.,
Defendant.

ORDER
June 12, 2014

O'TOOLE, D.J.

The defendant moved *in limine* to exclude expert testimony and evidence of damages at the scheduled trial of this matter. The Court discussed these issues with the parties at the pretrial conference and requested them to submit further briefing, which they have done. The plaintiff's briefing proves the defendant's point.

The plaintiff characterized his claim as follows:

> This action turns on a single count alleging that Mr. Cook breached fiduciary duties he owed to his company, the Environmental Careers Organization ("ECO"). The claim is premised upon his failure to take corrective action after receiving years of explicit warnings that ECO was misinterpreting government contracts it had been awarded, his failure to sufficiently inquire into his company's practices in light of those warnings, and his failure to ensure that he or his direct reports implemented proper policies to comply with the contracts' terms.

(Pl.'s Mem. in Opp'n to Def.'s Mot. in Limine and Mot. for J. as a Matter of Law at 2 (dkt. no. 20).)

Whether Cook "failed" to take "corrective action" after being warned that ECO was "misinterpreting government contracts," or to "sufficiently inquire" into company practices, or to

"ensure" that the "proper policies" were implemented, and importantly whether any such failure amounted to a breach of the applicable standard of care under state law, are not matters that a lay fact finder can reliably assess without the assistance of persons having "knowledge, skill, experience, training, or education" concerning such matters. See Fed. R. Evid. 702. It may be true that the Court could adequately guide the jury's understanding of what the relevant contracts required by appropriate legal instructions, but the jury's understanding of proper accounting and/or corporate management practices would have to come from a witness qualified by education, training, or experience to speak to such practices.

Indeed, the plaintiff wants the jury to be persuaded that the EPA's *opinion* settles the controversy.[1] But the EPA's claim against ECO is just that, a claim that has not been adjudicated by an impartial arbiter. There is apparently a contrary argument to be made, as the report for ECO of Sonenthal & Overall P.C. indicates. In any event, the EPA's Attestation Report is not a

---

[1] The audit report upon which the EPA claim is based was an expression of the auditors' opinion. The report said:

> Preparing the *Schedules of Recorded* Costs and the final *Financial Status* Report was the Recipient's responsibility. Our responsibility is to express an opinion on the *Schedules of Recorded Costs* and the final *Financial Status Report* and whether the reported outlays were allowable and incurred in accordance with the terms and conditions of the agreements and applicable EPA guidelines.
>    *       *       *
> We conducted our examination in accordance with the *Government Auditing Standards* issued by the Comptroller General of the United States, and the attestation standards established for the United States by the American Institute of Certified Public Accountants. We also followed the guidelines and procedures established in the *Office of Inspector General Project Management Handbook*, dated January 14, 2005. We examined, on a test basis, evidence supporting the reported outlays, and performed such other procedures as we considered necessary in the circumstances . . . . We believe that our examination provides a reasonable basis for our opinion.

(Pl.'s Mem. in Opp'n to Def.'s Mot. in Limine and Mot. for J. as a Matter of Law, Ex. 5 at 8 (dkt. no. 20-5).)

substitute for expert evidence. The fact that it may be admissible under Federal Rule of Evidence 803(8) is beside the point; that simply means that the rule against hearsay does not bar it. It does not address the rule of state law that substantive matters beyond the ken of lay jurors require evidence from a qualified witness who testifies subject to cross-examination. See, e.g., LeBlanc v. Logan Hilton Joint Venture, 974 N.E.2d 34, 44 (Mass. 2012) ("Architects, like other professionals, do not have a duty to be perfect in their work, but rather are expected to exercise that skill and judgment which can be reasonably expected from similarly situated professionals. . . . . Only in exceptional cases, where the malpractice is so gross or obvious that laymen can rely on their common knowledge to recognize or infer negligence, do we not require expert testimony.") (internal citations and quotations omitted).

The relevant standard of judgment for a person in the defendant's position is set by Massachusetts General Laws Chapter 180, Section 6C: an officer of a non-profit corporation

> shall perform his duties . . . in good faith and in a manner he reasonably believes to be in the best interests of the corporation, and with such care as an ordinarily prudent person in a like position with respect to a similar corporation organized under this chapter would use under similar circumstances.

Id. Unless the members of the jury have all had experience "in a like position with respect to a similar corporation," they will need to have evidence from someone with that experience about what ordinary prudence would call for in that situation. And without it, they will not have what they need to make a rational evaluation and decision.

The plaintiff does not propose to offer an expert witness as to this matter, and even if he did, he has not satisfied the various procedural prerequisites to the presentation of such evidence. Consequently, while the defendant's motion in limine to preclude any expert testimony may be superfluous in the absence of a proffer of such testimony, it is nonetheless GRANTED for the sake of clarity.

In the absence of expert evidence regarding the standard of care, as a matter of law the plaintiff cannot satisfy his burden of proof on his claim. A jury trial would be a futile exercise and waste of time and resources, most particularly for the jurors.

For the reasons stated herein, the defendant's Motion to Preclude Evidence of Damages or Expert Testimony and for Motion for Judgment as a Matter of Law (dkt. no. 14) is GRANTED as to the preclusion of expert testimony and judgment as a matter of law. In light of this ruling, insofar as it seeks also to preclude evidence relating to damages the motion is MOOT.

The scheduled jury trial is cancelled. Judgment shall enter in favor of the defendant.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge